ORAL ARGUMENT SCHEDULED FOR FEBRUARY 4, 2016

In The

# United States Court of Appeals

For The District of Columbia Circuit

◆

Nos. 15-7003 & 15-7008

KATHY RADTKE, et al.,

Plaintiff-Appellants,

vs.

LIFECARE MANAGEMENT PARTNERS, et al.,

Defendant-Appellees.

D.C. EMPLOYMENT JUSTICE CENTER; MARYLAND EMPLOYMENT LAWYERS ASSOCIATION; METROPOLITAN WASHINGTON EMPLOYMENT LAWYERS ASSOCIATION; PUBLIC JUSTICE CENTER; WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS,

*Amici Curiae for Appellants*

**RESPONSE AND REPLY BRIEF
OF PLAINTIFF-APPELLANTS
KATHY RADTKE ET AL.**

S. MICAH SALB*
DENNIS CHONG
*Attorneys for Plaintiff-Appellants*
  *Kathy Radtke*
  *Carmen Cunningham*

7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland  20814
(301) 656-6905

## AMENDED CERTIFICATE AS TO
## PARTIES, RULINGS, AND RELATED CASES

(A)    **Parties and Amici.**  The Appellants/Cross-Appellees are Kathy Radtke and Carmen Cunningham, the plaintiffs in the case below.  The Appellees/Cross-Appellants are Advanta Medical Solutions LLC and Lifecare Management Partners, who were the defendants below.  Maria Caschetta, one of the defendants below, is not participating in this appeal.

This Court has granted the motion of the Metropolitan Washington Employment Lawyers Association, the Maryland Employment Lawyers Association, the Washington Lawyers' Committee for Civil Rights and Urban Affairs, the D.C. Employment Justice Center, and the Public Justice Center to participate as *amici curiae* in support of Plaintiff-Appellants.

(B)    **Rulings under Review.**  The ruling under review is the December 30, 2014, opinion of the Honorable John M. Facciola awarding in part and denying in part the Plaintiffs' motion for an award of attorneys' fees.  The court's order and the memorandum opinion can be found at JA0030-48.

(C)    **Related Cases.**  The Defendants filed a prior appeal of this case, Docket No. 14-7079, claiming errors related to the merits of this case.  This Court affirmed the trial court's judgment in an opinion delivered on July 28, 2015.  The Defendants have also cross-appealed the Plaintiffs' appeal of the fee award order.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES.. . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

I.      The Defendants Cannot Prevail in Their Cross-appeal
        Because They Cannot Demonstrate That the District Court
        Erred or Abused its Discretion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

II.     The Defendants Do Not Show Error in the District Court's Opinion. . . . .  4

        A.      The Measure of a Plaintiff's Success Does Not Warrant
                a Reduction of the Lodestar Amount in a Fee Award.  . . . . . . . . . . . .  4

        B.      The Law Does Not Support A Reduction in Fees
                for Time Spent on Dropped, Dismissed, and Lost Claims.  . . . . . . . .  7

        C.      The Defendants Do Not Demonstrate
                that the Plaintiffs' Fee Petition Includes
                "Excessive, Redundant, and Unnecessary" Time.. . . . . . . . . . . . . . .  8

        D.      The Trial Court Appropriately Awarded Current
                Rather than Historical *Laffey* Rates. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        E.      The Plaintiffs Engaged in No "Bad Faith" Conduct. . . . . . . . . . . . . . 10

        F.      The Plaintiffs' Fee Petition Was Timely Filed
                and the Defendants' Objections Mooted
                by the Entry of the Amended Judgment. . . . . . . . . . . . . . . . . . . . . . . . 13

III.    The Defendants Have Not Responded to the Arguments
        Raised by Plaintiffs in Their Opening Brief. . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

AUTHORITIES ON WHICH PLAINTIFFS CHIEFLY RELY ARE MARKED WITH ASTERISKS.

## CASES

American Casualty Co. v. City of Detroit, 851 F.2d 794 (6th Cir. 1988). . . . . . . 15

Bailey v. Riverside, 414 F.3d 1023 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Bell v. United Princeton Props., 884 F.2d 713, 715 (3d Cir. 1989). . . . . . . . . . . . . 9

Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013). . . . . . . . . . . . . . . . . 7 n. 7

Goos v. Nat'l Ass'n of Realtors, 68 F.3d 1380, 1385 (D.C. Cir. 1995). . . . . . . . . . 8

Goss v. Killian Oaks, 248 F.Supp.2d 1162 (S.D. Fla. 2003). . . . . . . . . . . . . . . . . . . . 5

Hensley v. Eckerhart, 461 U.S. 424 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). . . . . . . 6

Lewis v. Kendrick, 944 F.2d 949 (1st Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

McKesson Corp. v. Islamic Rep. of Iran, 753 F.3d 239 (D.C. Cir. 2014). . . . . 3 n. 3

Morgan v. DC, 824 F.2d 1049, 1066 (D.C. Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Perdue v. Kenny A. ex rel. Winn, 599 U.S. 542 (2010). . . . . . . . . . . . . 1, 4, 5, 7 n. 7

Pigford v. Vilsack, 613 F.Supp.2d 78, 83 (D.D.C. 2009). . . . . . . . . . . . . . . . . . . . . . . 8

Pineda v. JTCH Apartments, LLC, ––– F.Supp.3d –––, 2015 WL 5089512
    (N.D.Tex. Aug. 27, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005). . . . . . . . . . . . . . . . . 14

Radtke v. Lifecare Mgmt. Partners, 795 F.3d 159, 167-68 (D.C. Cir. 2015). . . . 13

Weyant v. Okst, 198 F.3d 311 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## STATUTES

F.R.Civ.P. 54. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

F.R.App. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 n. 9

F.R.App. 28.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## SUMMARY OF THE ARGUMENT

The Defendants have filed a cross-appeal raising a handful of complaints about the District Court's decision on the Plaintiffs' motion for attorney's fees. But the Defendants fail to demonstrate — indeed, they make no effort at all to demonstrate — that the District Court abused its discretion in its opinion. Therefore the Defendants have not met their burden on appeal.

Nor have they proved even that the District Court erred as to the issues that they raise, regardless of whether those errors rise to an abuse of discretion. For example, the Defendants contend that the modest amount of the Plaintiffs' success warrants reduction of the lodestar amount, but that argument is incompatible with the Supreme Court's holding in <u>Perdue v. Kenny A. ex rel. Winn</u>, 599 U.S. 542, 554 (2010). In fact, the Defendants made no reference at all to *Perdue* in their brief.

Likewise, the Defendants urge this Court to bar the Plaintiffs' recovery of fees for time spent on claims that were dropped, dismissed, or lost, but they do not prove their entitlement to such a reduction because they cannot show that such time was "unrelated" to the Plaintiffs' successful claims. It was not.

The Defendants challenge the Plaintiffs' requested hours as "excessive, redundant, and unnecessary," but they offer no rejoinder to the District Court's correct observation that the Defendants did "not make a specific attack on the hours claimed." The Defendants offered only general statements that certain categories of time were excessive without the sort of specific showing required in the law of fee petitions.

Next, the Defendants argue that the fee award should be reduced because the Plaintiffs engaged in "bad faith" during the litigation of this case. But this is a recycling of an argument that this Court already found wanting.

Finally, the Defendants argue that the Plaintiffs' fee petition should have been rejected because it was untimely. The Defendants ignore the fact that their motion to amend the judgment, and the Court's subsequent entry of an amended judgment, tolled the time for filing the fee petition. As a result, the Plaintiffs' fee petition was filed well before the deadline.

As to the arguments raised by the Plaintiffs in their opening brief, the Defendants offer no response, leaving those arguments generally unchallenged.


## <u>ARGUMENT</u>

This case is before the Court on the Plaintiffs' appeal of the District Court's decision on the Plaintiffs' motion for attorney's fees, to which the Defendants filed a cross-appeal. The Defendants' recently-filed brief was their opportunity both to argue in favor of their cross-appeal and to respond to the Plaintiffs' opening brief. The instant brief therefore responds both to the Defendants' contentions on cross-appeal and to the few arguments that they raise in opposition to the Plaintiffs' brief.[1]

---

[1] Unfortunately, the Defendants' brief does not delineate which of their arguments are intended to support the issues they raise in cross-appeal and which are intended to respond to the Plaintiffs' brief, so the Plaintiffs have addressed the various arguments separately by reference to arguments that the Defendants make that are relevant to each of the issues on appeal.

## I.   THE DEFENDANTS CANNOT PREVAIL IN THEIR CROSS-APPEAL BECAUSE THEY CANNOT DEMONSTRATE THAT THE DISTRICT COURT ERRED OR ABUSED ITS DISCRETION.

The Defendants assert repeatedly that the Plaintiffs' fee award "should be reduced" for one reason or another.[2]  But it is not enough to say, "the fee award should be reduced."  The Defendants must explain *why* the award should be reduced; they must explain what error they assign to the trial court's decision.

Even though the Defendants recognize that attorney's fees decisions are reviewed on an abuse of discretion standard[3] (*see* Defs.' Br., p. 16), they make no effort to demonstrate that the District Court abused its discretion.  Instead, they address the Plaintiffs' fee petition as if the trial court had never decided the issues,[4] essentially as if this Court were to conduct a *de novo* review.  Because the Defendants have not demonstrated that the District Court made errors that constitute an abuse of discretion (or, as the case may be, an error of law), they have failed to argue their case and their cross-appeal should be rejected.

---

[2] The Defendants claim five errors in the District Court's decision: (1) Whether the attorneys' fees award should have been reduced due to what the Defendants view as the Plaintiffs' limited success; (2) Whether the Plaintiffs should be barred from recovering fees for time spent on claims dropped, dismissed, and lost; (3) Whether Plaintiffs' attorneys' fees should be reduced due to their purported bad faith; (4) Whether Plaintiffs' attorneys' fees should be reduced to exclude excessive, redundant, and unnecessary hours; and (5) Whether Plaintiffs' motion for attorneys' fees was untimely.  Defs.' Br., pp. 1-2.

[3] McKesson Corp. v. Islamic Republic of Iran, 753 F.3d 239, 242 (D.C. Cir. 2014).  But note that questions of law are reviewed *de novo.  Id.*

[4] The Defendants' brief was largely cut and pasted from their brief in the District Court opposing the Plaintiffs' petition for fees.

## II.    THE DEFENDANTS DO NOT SHOW ERROR IN THE DISTRICT COURT'S OPINION.

Beyond the Defendants' failure to demonstrate that the District Court abused its discretion, the Defendants' cross-appeal should be rejected because the Defendants are wrong in each of their assignments of error.

### A.    The Measure of a Plaintiff's Success Does Not Warrant a Reduction of the Lodestar Amount in a Fee Award.

The Defendants' first argument in support of their cross-appeal is that a reduction of the Plaintiffs' fee award is required because the Plaintiffs had "limited success" within the meaning of Henley v. Eckerhart, 461 U.S. 424 (1983). They devote several pages of their brief to explaining why they believe that the outcome constitutes limited success.[5]  But they offer virtually no argument that the amount of a fee award should be reduced because of that.

In fact, the Defendants' argument disregards entirely the Supreme Court's decision in Perdue v. Kenny A. ex rel. Winn, discussed at length in the Plaintiffs' opening brief.  Perdue laid out three key principles governing the review of an attorney's fees petition:  (1) the lodestar calculation is "strongly presumed" to yield a reasonable fee; (2) the lodestar figure is deemed to take into consideration "most, if not all, of the relevant factors constituting a reasonable attorney's fee"; and (3) an adjustment to the fee award may not be based on a

---

[5] They find "limited success" for three reasons:  (1) the attorneys' fees claimed are disproportionate to the jury's award; (2) the jury award was far less than the amounts that the Plaintiffs originally sought; and (3) the bulk of Plaintiffs' claims were withdrawn, dismissed by the court, or denied by the jury.

factor that is subsumed in the lodestar calculation. *Perdue*, 599 U.S. 542, 554 (2010). These three principles make the scope of a plaintiff's success largely irrelevant in a fee decision. The Defendants' disregard of this key Supreme Court decision renders their argument meaningless.

Instead of addressing the principles that actually govern this case, the Defendants rely on a trio of cases which are largely inapposite. First, they cite a First Circuit case from 1991 in which the court went to great lengths to point out that the reason for its decision was *not* a rejection of the principles that govern fee awards, but instead was the court's barely restrained anger at the plaintiff's attorney's astonishing misconduct and poor judgment in handling both the underlying claim and the fee petition. Lewis v. Kendrick, 944 F.2d 949, 957-58 (1st Cir. 1991).[6] The Defendants' suggestion in their brief that the basis for the *Lewis* decision was that the jury award was one-fiftieth the amount of fees sought misrepresents the court's decision. *See id.* at 955.

Next, the Defendants cite Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162 (S.D. Fla. 2003). This case, too, involved remarkable circumstances: The plaintiff worked for Killian Oaks, a school for students with learning disabilities, for two weeks before she was fired for improper conduct and for misrepresenting her skills. *Id.* at 1164. She refused to pick up her paycheck, quickly filing suit instead. Killian Oaks' attorney attempted to discuss

---

[6] It is also worth noting that the *Lewis* court was deciding a case in which the award of fees was discretionary (*see* 944 F.2d at 957), unlike in the instant case, though that distinction may have less meaning in view of the principles laid out in *Perdue*.

the claim with Ms. Goss' attorney so that Killian Oaks could satisfy the wage claim, but Ms. Goss' attorney refused to talk. Therefore, Killian Oaks simply remitted to Ms. Goss the $137.03 that she claimed to have earned. That was inadequate, according to Ms. Goss' attorney, because she also claimed entitlement to some overtime wages. Killian Oaks did not know the amount of the claim, but it tendered to her another $178.86 — the largest sum to which the overtime pay could have amounted. At that point, Ms. Goss' attorney filed a petition for fees seeking more than $16,000! The court expressly found that Ms. Goss' attorney made every effort to *prevent* settlement of the case in order to continue to amass fees to list on his fee petition. *Id.* at 1168-69.

The *Goss* case is the opposite of this case. Killian Oaks, the employer, did precisely what the Defendants here should have done: It settled the case. As the Plaintiffs explained in their opening brief — *without rebuttal by the Defendants* — the Plaintiffs made repeated efforts to settle this case, all of which were met with silence — or, worse, with demands that the *Plaintiffs* pay the *Defendants* if they wished resolution!

Finally, the Defendants look to a recent decision from the Northern District of Texas in which the court applied Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), in holding that the lodestar amount should be reduced by 25% because it was grossly disproportionate to the amount of the recovery. Pineda v. JTCH Apartments, LLC, ––– F.Supp.3d –––, 2015 WL 5089512, at *7

6

(N.D.Tex. Aug. 27, 2015).  Whether that decision is sound remains to be seen — an appeal is now pending.[7]

Thus, none of the cases on which the Defendants rely support their claim that the court should adjust a fee award to reflect a plaintiff's "limited success" or should make the fee award proportional to the outcome.  To the contrary, a fee award may not in the ordinary case be keyed to the recovery because, as the Supreme Court held in *Perdue*, the lodestar amount usually *already* reflects the quality of lawyering.  In addition, the important policy of ensuring that competent counsel will be attracted to important civil rights cases of modest fiscal worth on behalf of plaintiffs who would not otherwise be able to afford skilled lawyers requires fee-shifting standards that do not relate the measure of success to the amount of fees awarded.  *See* Pls.' Br., pp. 19-21.

### B.    The Law Does Not Support A Reduction in Fees for Time Spent on Dropped, Dismissed, and Lost Claims.

Next, the Defendants argue that the Plaintiffs should be barred from recovering fees for time spent on claims that the Plaintiffs dropped, claims that were dismissed, and claims as to which the Plaintiffs were unsuccessful.  Defs.' Br., pp. 21-23.

---

[7] The decision appears to be at odds with governing law, inasmuch as in the Fifth Circuit, as in all places where the Supreme Court's rulings hold sway, a court may not deviate from the lodestar amount based on a factor which is deemed to be addressed already by the lodestar calculation. *See*, *e.g.*, Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013), *citing Perdue*, 559 U.S. at 552.

The District Court correctly held that time spent on an unsuccessful claim will be uncompensated only when the unsuccessful claim is "unrelated" to the successful claim. JA0038; *see* Morgan v. DC, 824 F.2d 1049, 1066 (D.C. Cir. 1987); Goos v. Nat'l Ass'n of Realtors, 68 F.3d 1380, 1385 (D.C. Cir. 1995); Pigford v. Vilsack, 613 F.Supp.2d 78, 83 (D.D.C. 2009). The District Court also correctly noted that a claim is "unrelated" when it is "distinctly different in all respects, both legal and factual, from the successful claims." JA0038; *see id.* Because the claims on which the Plaintiffs did not succeed were legally and factually related to the Plaintiffs' successful claims, the unsuccessful claims are not "unrelated" and therefore they are not excluded from the fee calculation. *See id*.

The Defendants have not demonstrated that the District Court erred in its decision, nevermind that the decision reflected an abuse of discretion. Because the District Court was legally, factually, and logically correct, there is no basis to accede to the Defendants' request that the fee award be reduced for time spent on claims that proved unsuccessful.

### C. The Defendants Do Not Demonstrate that the Plaintiffs' Fee Petition Includes "Excessive, Redundant, and Unnecessary" Time.

In their contention that the Plaintiffs' fee petition includes excessive, redundant, and unnecessary hours, the Defendants merely reiterate their contention in their opposition to the Plaintiffs' fee petition that various categories of time were excessive and should not be paid. *See* JA00137-38.

The District Court rejected that contention on the ground that the Defendants did "not make a specific attack on the hours claimed." *See* JA0037-38. The District Court was correct.  The party opposing a fee petition bears the burden to "identify the portion of the fee request being challenged and state the grounds for the challenge with such specificity to give the fee applicants notice that they must defend the contested portion of their fee petition." Bell v. United Princeton Props., 884 F.2d 713, 715 (3d Cir. 1989).  The Defendants did not do so.

The District Court's finding that the sort of general complaints that the Defendants raised do not constitute a specific attack was plainly proper. Complaining, for example, that written discovery responses should not have taken so long is far from the sort of specific objection which a district court can reasonably address or which gives a plaintiff adequate notice of which time entries they are expected to justify.  The Defendants did not provide copies of the written discovery or the discovery responses.  They did not describe the issues addressed in the depositions or the length of the depositions.  They did not present anything specific on which the District Court could have evaluated their complaints.   Thus, the District Court correctly rejected the Defendants' complaints — and the Defendants have provided this Court no demonstration that the District Court's decision was the result of an abuse of discretion.

### D.     The Trial Court Appropriately Awarded Current Rather than Historical *Laffey* Rates.

The District Court awarded fees to the Plaintiffs based on current rates rather than the rates that were in effect when the work was done.  The trial court held that awarding current *Laffey* rates would not result in a windfall to Plaintiffs in light of the very long pendency of this case.  JA0035.  The Defendants object, arguing that enhancing a fee award by paying at current rates is appropriate when the "delay in fee payment has produced some degree of hardship such that an award of current rates does not produce a windfall." Defs.' Br., p. 24.  The Defendants are correct as to that principle — but they demonstrate no error in its application.

The Defendants' only arguments that enhancement was improper are (1) that the delay was caused by the trial court's "inadvertent delay" of a year and a half after mediation, and (2) that the Plaintiffs "did not properly investigate the claims before filing and generally litigated the case in bad faith." Defs.' Br., p. 25.  But the first of these two arguments says nothing to moot the hardship incurred by lawyers who litigate a case for nearly a decade without recompense.  And the second claim is specious.  The trial court correctly awarded current rates and the Defendants offer no demonstration of an abuse of discretion.

### E.     The Plaintiffs Engaged in No "Bad Faith" Conduct.

The Defendants claim that the fee award should be reduced because the Plaintiffs engaged in "bad faith" in the litigation of this case.  They provide three

10

bases for their claim of "bad faith": (1) the Plaintiffs allegedly demonstrated an "inability to provide a meaningful demand for damages"; (2) the Plaintiffs included "groundless issues" in their complaint; and (3) the Plaintiffs and their lawyers supposedly engaged in various misdeeds. These allegations are baseless.

The Defendants first argue that this case could easily have settled if the Plaintiffs had only reasonably assessed the value of the case. But they are perversely blind to the fact that it is they who were responsible for the prolonging of this litigation. The Defendants' continued insistence that it is the *Plaintiffs* who have made settlement of this case impossible is, in a word, laughable. As Plaintiffs described in their opening brief (Pls.' Br., pp. 22-25) — and without dispute by the Defendants — the Plaintiffs made numerous efforts to settle this case and repeatedly shared their assessment of their losses to the Defendants:

❖ On November 2, 2006, even before filing suit, the Plaintiffs' counsel invited settlement, identifying to defense counsel estimated damages of about $22,700 (before liquidated damages), plus attorneys' fees of approximately $5,400. The Defendants ignored this overture.

❖ After Mr. Lescht's firm was retained, the Plaintiffs once again reached out with a specific settlement demand of $30,000. This letter, too, went unanswered.

❖ A month later, the Plaintiffs' counsel wrote yet a third time regarding the Plaintiffs' willingness to settle the case, this time offering to accept to a total of $25,000 to settle this case. This offer, like the prior two, went unanswered.

❖ In discovery, the Plaintiffs provided a Rule 26(a)(1) report outlining their damages.

❖ At the end of 2007, the Parties met with Judge Facciola for a settlement conference. There, the Defendants responded to the Plaintiffs' settlement

11

demand by stating that they would make no payment to settle the case and that settlement could occur only if the Plaintiffs paid money to the Defendants.

❖ In May 2008, the Plaintiffs timely provided to the Defendants a pair of reports prepared by the Plaintiffs' retained expert, Dr. Richard Lurito. Although the Defendants sought and received an extension of time to file a rebuttal expert report, they neither filed such a report nor otherwise challenged Dr. Lurito's calculations.

❖ Late in 2008, the Plaintiffs provided a detailed, week-by-week listing of all of the time for which they claimed they had not been fully paid. They also stated the amount of their attorneys' fees incurred to date.

❖ In March 2009, the Parties again engaged in settlement talks with Magistrate Judge Facciola. Again, the Plaintiffs went into the mediation with a good faith belief that the case could be settled, and again the Defendants declined.

❖ In advance of trial the Plaintiffs provided their damages calculations to the court and the Defendants as part of the Plaintiffs' Pretrial Statement.

See Pls.' Br., pp. 22-25. The Defendants have not denied any of these facts, nor have they provided any reason to justify their failure to ever come up with an offer in response to the Plaintiffs' demands.

The Defendants' second allegation, that the Plaintiffs included "groundless" issues in their complaint, is so vague as to make meaningful response impossible. This argument is composed of exactly one unadorned paragraph in this section of Defendants' brief. If by this allegation the Defendants are pointing out that the Plaintiffs did not prevail on each count of the Complaint, then they are correct — but that does not demonstrate that the asserted claims were "groundless."

Without further analysis or explanation, it is impossible to tell what the Defendants allege to be the Plaintiffs' delinquency in this regard.[8]

Finally, the Defendants once again complain that the Plaintiffs and their lawyers engaged in certain misdeeds.  In the merits appeal, the Defendants offered these purported transgressions as a basis to seek reversal on the merits; now, they are offered as justification for a reversal of an award of attorneys' fees. This Court has already addressed the "frailty" of these arguments in the merits appeal of this case. *See* Radtke v. Lifecare Mgmt. Partners, 795 F.3d 159, 167-68 (D.C. Cir. 2015).  This Court held that the actions alleged by the Defendants here do not rise to the level of requiring a new trial, and in fact noted that the Defendants failed to preserve several of these issues for review during the trial. Where these allegations do not rise to the level of reversing the verdict, there is no principled reason to believe that they now rise to the level of justifying a reduction in the Plaintiffs' award of attorneys' fees.

### F.    The Plaintiffs' Fee Petition Was Timely Filed and the Defendants' Objections Mooted by the Entry of the Amended Judgment.

The Defendants argue that the Plaintiffs' fee petition was filed one day late and therefore the District Court erred by not denying it as untimely.  The Rules require a fee petition to be filed within 14 days of the entry of judgment.

---

[8] If the Defendants mean to say that the "groundless" claims are the ones on which the Plaintiffs did not prevail, their argument fails for the reasons discussed in Section II(C), above.

F.R.Civ.P. 54(d)(2)(B).  Judgment was entered on February 18, 2014.  Therefore, the fee petition was due initially on or before March 4, 2014, but the Plaintiffs did not file their fee petition until March 5.  JA0025 [Dkt. No. 167].  Nevertheless, the Defendants err for three reasons in arguing that this tardiness should have resulted in the rejection of the petition.

The Defendants are correct in their contention that the Plaintiffs filed their fee petition one day late.  But the Plaintiffs filed a motion for leave to file their fee petition *nunc pro tunc* to the due date only two days after the petition was filed. [Dkt. No. 169].  While the District Court never addressed the substance of the Plaintiffs' motion, it is plain that the District Court held the view that the circumstances were such that the petition should be accepted.

Second, Rule 54(d)(2)(B) requires the filing of a fee petition within 14 days *except as may otherwise be ordered*.  In this case, the District Court's orders clearly demonstrate that the court found the timing of the petition's filing to be acceptable, and therefore satisfy the rule.

Finally, and by far most importantly, the Defendants filed a Rule 59 motion to alter or amend the judgment (JA0026 [Dkt. No. 176]), which the trial court granted in part on May 14, 2014 (*id.* [Dkt. No. 182]), leading to the entry of an Amended Judgment on May 15 (*id.* [Dkt. No. 183]).  Timely-filed post-trial motions suspend the finality of a judgment, and therefore the deadline for a motion for attorney's fees is tolled until the resolution of the post-trial motions. Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989); *see* F.R.Civ.P. 54(a) (defining "judgment" as any order from which an appeal lies, which includes

amended final judgments).  Therefore, the Defendants' Rule 59 motion tolled the deadline, and the court's entry of the Amended Judgment  on May 15 reset the deadline for filing the petition for fees to May 29.  *See* <u>Quigley v. Rosenthal</u>, 427 F.3d 1232, 1238 (10th Cir. 2005); <u>Bailey v. Riverside</u>, 414 F.3d 1023, 1025 (9th Cir. 2005); <u>Weyant v. Okst</u>, 198 F.3d 311, 314 (2d Cir. 1999); <u>American Casualty Co. v. City of Detroit</u>, 851 F.2d 794, 801-02 (6th Cir. 1988) (computing time from date of entry of amended judgment).

Thus, the Plaintiffs' fee petition, filed before the expiration of the 14-day period following the entry of the amended judgment, was timely filed, and the Defendants' objections were, as the District Court correctly found, mooted.[9]

## III.    THE DEFENDANTS HAVE NOT RESPONDED TO THE ARGUMENTS RAISED BY PLAINTIFFS IN THEIR OPENING BRIEF.

The Defendants' brief was to serve two functions:  It was to support the Defendants' cross-appeal and to respond to the Plaintiffs' opening brief.  *See* Fed. R. App. P. 28.1(c)(2).  The Defendants made some arguments in favor of reducing the fee award in support of their cross-appeal, discussed in Parts I and II above, but they have not responded to the Plaintiffs' arguments.

---

[9] It is worth noting that the Defendants apparently recognize that it is the Amended Judgment (May 14), not the original Judgment (February 18), that controls this deadlines in this case.  They did not file their Notice of Appeal until May 30, 2014 — approximately 15 days after the entry of the Amended Judgment but approximately 100 days after the entry of the first judgment.  Just as it would have been inappropriate to deem the Defendants' merits appeal as untimely because it was filed more than 30 days from the date of the original Judgment (*see* F.R.App. 4(a)(1)(A)), so too it would be incorrect to peg the Plaintiffs' fee petition due date from the date of the initial Judgment.

The Plaintiffs observed in their opening brief that in civil rights cases such as this one, important societal interests are served by shifting responsibility for attorneys' fees to defendants. Such fee-shifting serves to attract competent counsel to assist plaintiffs where monetary recovery is likely to be low. The Defendants have not challenged this proposition.

The Plaintiffs next demonstrated that the lodestar calculation usually takes into account all relevant factors when determining the proper award of attorneys' fees, and as such, departures from the lodestar, whether upward or downward, should be rare. The Plaintiffs argued that adjustments to the lodestar figure should only be effected where it could be traced to the attorney's poor performance, and not to any other external factor which may have contributed to a less-than-fully-successful trial outcome. As a result, the trial court committed error by expressly reducing the fee award based on an impermissible factor. The Defendants have not challenged these propositions either.

Next, the Plaintiffs explained the trial court's error in adjusting the fee award downward in light of the Plaintiffs' low recovery. While the Defendants repeated the arguments they made to the trial court in this regard, they did not address the Plaintiffs' arguments.

The Plaintiffs provided proof in their opening brief that they attempted, on multiple occasions, to settle this case, and that their efforts were roundly ignored. As a result, the Plaintiffs argued, the trial court erred when it made a finding of fact that the Plaintiffs hindered settlement of this case by failing to assess their actual entitlement to damages. Significantly, the Defendants *do not deny* that

16

they made *no effort* to meet the Plaintiffs' settlement talks with a counteroffer. At the trial court level, if Defendants disagreed with Plaintiffs' calculated damages (as they claim they did), they could have (*and should have*) endeavored to come with a counter-valuation of damages and encouraged settlement. They never did. Thus, any efforts (whether by the trial court or by the Defendants) to shift the responsibility for failure to settle this case onto the Plaintiffs must be roundly rejected.

Finally, the Plaintiffs suggested that it appeared that the Defendants made a strategic decision to litigate this matter to the hilt. The Defendants have not denied this; indeed, their present continued efforts reinforce this conclusion. The Defendants cannot be heard to complain about the size of Plaintiffs' attorneys' fee award when their approach to the litigation has kept it alive. The Defendants had the power to truncate this case cost-effectively, both before and during the course of litigation. The trial court erred in assuming that it was the Plaintiffs' failure to offer a calculation of damages that prolonged this litigation. And the Defendants do not deny this argument.

The Defendants have not met Plaintiffs' assignments of error in the slightest. What arguments they do present are unpersuasive. This Court should vacate the trial court's order of attorneys' fees and remand the case to the District Court for entry of an order awarding the full amount of fees requested by the Plaintiffs and for determination of the Plaintiffs' supplemental fee petition for Plaintiffs' counsel's work after the entry of the fee petition.

17

## CONCLUSION

The trial court committed reversible error in striking three-quarters of the fees that the Plaintiffs' attorneys earned. The Defendants have not challenged any of the assignments of error raised in Plaintiffs' brief. And their cross-appeal fails because they do not identify any errors by the trial court that can be remedied by this Court. This Court should grant the Plaintiffs the relief requested, and deny any relief to the Defendants.

Respectfully submitted,

December 17, 2015                    /s/ S. Micah Salb
                                     S. Micah Salb, Esq.
                                     Dennis Chong, Esq.
                                     LIPPMAN, SEMSKER & SALB, LLC
                                     7979 Old Georgetown Road
                                     Suite 1100
                                     Bethesda, Maryland 20814
                                     (301) 656-6905

                                     Attorneys for Plaintiff-Appellants

## CERTIFICATE OF SERVICE

In accordance with Rule 25(a)(2)(D) of the Federal Rules of Appellate Procedure and Local Rule 25(a) of the United States Court of Appeals for the District of Columbia Circuit, I hereby certify that on this the 17th day of December 2015, I filed the required copies of the Response and Reply Brief for Plaintiff-Appellants with the Office of the Clerk of this Court via the Court's Case Management/Electronic Case Files system and I have dispatched for printing and delivery via first-class United States postage pre-paid the required copies of this brief to the Clerk of the Court.


December 17, 2015                          /s/ S. Micah Salb
                                           S. Micah Salb, Esq.



## CERTIFICATE OF COMPLIANCE WITH RULES 28.1(e)(2) AND 32(a)

I hereby certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) that a reply brief contain less than 14,000 words; inasmuch as it contains approximately 4,766 words.

This brief complies with the typeface requirements of Fed. R. App. p. 32(a)(5) and the type style requirements of Fed. R. App. p. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using WordPerfect in Cambria 14 point type.


December 17, 2015                          /s/ S. Micah Salb
                                           S. Micah Salb, Esq.